```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

CORNEL MCCANN
a natural man, consumer,            1:17-cv-00471-NLH-AMD

       Plaintiff,            **MEMORANDUM
                                    OPINION & ORDER**

v.

AMERICAN EDUCATION
SERVICES/PENNSYLVANIA HIGHER
EDUCATION ASSISTANCE AGENCY,

       Defendants.

**APPEARANCES:**

CORNEL MCCANN
112 ELM CT
LINDENWOLD, NJ 08021

    Appearing *pro se*

**HILLMAN**, District Judge

    WHEREAS, Plaintiff, Cornell McCann, appearing *pro se*, has filed a "notice of removal/motion to transfer" against Defendants American Education Services and Pennsylvania Higher Education Assistance Agency; and

    WHEREAS, it appears from Plaintiff's filing that Defendants have filed a suit in state court against him to collect a debt, and Plaintiff claims that Defendants' actions violate the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 – 1692p; and

    WHEREAS, Plaintiff has filed an application to proceed

without prepayment of fees ("in forma pauperis" or "IFP" application), and pursuant to 28 U.S.C. § 1915(a)(1), a court may allow a litigant to proceed without prepayment of fees if he submits a proper IFP application; and

WHEREAS, although § 1915 refers to "prisoners," federal courts apply § 1915 to non-prisoner IFP applications, Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J.2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (other citations omitted); and

WHEREAS, the screening provisions of the IFP statute require a federal court to dismiss an action *sua sponte* if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards, see 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013); Martin v. U.S. Department of Homeland Security, 2017 WL 3783702, at *1 (D.N.J. August 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for sua sponte dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit."); and

WHEREAS, pro se complaints must be construed liberally, and all reasonable latitude must be afforded the pro se litigant,

2

Estelle v. Gamble, 429 U.S. 97, 107 (1976), but pro se litigants "must still plead the essential elements of [their] claim and [are] not excused from conforming to the standard rules of civil procedure," McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); Sykes v. Blockbuster Video, 205 F. App'x 961, 963 (3d Cir. 2006) (finding that pro se plaintiffs are expected to comply with the Federal Rules of Civil Procedure); and

WHEREAS, the Court finds that Plaintiff's "notice of removal" is deficient in two fundamental ways:

1. Plaintiff, who appears to be the defendant in an unidentified state court action, has failed to comply with 28 U.S.C. § 1446 by not providing a copy of all process, pleadings, and orders served upon such him in that action; and

2. Removal of a state court action may be based on a federal question under 28 U.S.C. § 1331 or diversity of citizenship of the parties under 28 U.S.C. § 1332. See 28 U.S.C. § 1441. For removal based on federal question jurisdiction, plaintiff cannot remove a state court action against him on the basis of a federal law defense, such as a debt collector's violation of the FDCPA. See Lazorko v. Pennsylvania Hosp., 237 F.3d 242, 248 (3d Cir. 2000) (citing

Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for S. Cal., 463 U.S. 1 (1983); Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) ("If [] the defendant merely has a federal law defense, he may not remove the case, although he may assert the federal defense in state court."). For removal based on diversity of citizenship, Plaintiff cannot remove a New Jersey state court action against him when he is a citizen of New Jersey. See 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.");

THEREFORE,

IT IS on this  8th  day of   January  , 2018

ORDERED that Plaintiff's IFP application (Docket No. 1-1) be, and the same hereby is, GRANTED, and the Clerk is directed to file Plaintiff's complaint; and it is further

ORDERED that to the extent that Plaintiff's complaint is considered a removal of a state court action, Plaintiff's complaint be, and the same hereby is, REMANDED to the Court where the action was pending.

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.